*In the matter of* JOHN G. MURRAY, *an insolvent and imprisoned Debtor.*

APPLICATION was made to the first judge of the court of common pleas of *Montgomery* county, by *Gardner*, an inhabitant of the county, and one of the creditors of *Murray*, who had been imprisoned more than sixty days on execution, within the county, for an assignment of his estate for the benefit of his creditors, pursuant to the act for giving relief in cases of insolvency, passed the 12th of *April*, 1813. (1 *N. R. L.* 460. sess. 36. ch. 98. s. 9.)

A first judge of a court of common pleas hat no jurisdiction under the ninth section of the act for giving relief in cases of insolvency. (Sess. 36. ch. 98. s. 9. 1 *N. R. L.* 460.)

The judge, on the 20th of *December*, received the petition, affidavits, &c. and granted an order for the creditors to show cause, &c. before him, on the 28th of *February* last, when *Gardner* appeared, and produced the necessary proofs of publication, &c. and prayed an order for the assignment, no person appearing to oppose it; but the judge refused to grant the order, stating as a reason for his refusal, that on further advice, he was of opinion that he had no cognizance of the cause, nor any authority to grant relief under the ninth section of the act.

A motion was now made for a *mandamus* to be directed to the judge, commanding him to grant the order, &c.

*Per Curiam.* The motion must be denied. The ninth section of the act mentions only the chancellor, and justices of this court, to whom application is to be made for relief in such cases, and is silent as to the first judge of a court of common pleas. He has not, therefore, any jurisdiction as to cases arising under that section.

Motion denied.